# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| DAVID B. TUCKER,<br><br>    Plaintiff,<br><br>v.<br><br>ALLIANCEONE, INC. and HSBC BANK USA N.A.,<br><br>    Defendants. | CASE NO. 7:08-CV-106 (HL) |

**ORDER**

On August 4, 2008, Plaintiff filed his complaint against AllianceOne, Inc. and HSBC Bank USA, N.A. (Doc. 1). Plaintiff contends that the Defendants violated the Fair Debt Collection Practices Act.

On December 11, 2009, *nunc pro tunc* August 4, 2008, the Honorable W. Louis Sands, United States District Judge, granted Plaintiff's motion to proceed *in forma pauperis* (Doc. 3). As required by Federal Rule of Civil Procedure 4(c), the United States Marshals Service was directed to serve Defendants. Since December 11, 2009, three separate service process receipts and returns have been issued by the Clerk of Court for the Marshals Service to serve HSBC with summons and the complaint. The first was issued on December 11, 2009 (Doc. 5). Each of the service receipts contains a different address for service to be made upon HSBC. To date, HSBC has not been served in this case.

AllianceOne was served, and on July 6, 2010, Plaintiff and AllianceOne filed a Joint Motion to Dismiss AllianceOne Receivables Management, Inc. With Prejudice

(Doc. 12), as those parties have settled the claims between them. The Court then directed the parties to file a joint motion under Rule 21, which governs dismissing a party from a case, if they wished to drop AllianceOne from the case (Doc. 13). The parties filed the requested motion on July 13, 2010 (Doc. 14).

The Court next entered an order on July 14, 2010 stating that while Plaintiff and AllianceOne filed the Rule 21 motion, the Court could not drop AllianceOne as a party without HSBC's signature on the motion. The Court also expressed concern that HSBC would be potentially prejudiced by the dismissal of AllianceOne. The parties were directed to file another Rule 21 motion to drop AllianceOne signed by all parties, including HSBC, no later than July 22, 2010.

As an initial matter, the Court vacates its July 14, 2010 order (Doc. 15). It is not necessary for all parties to sign a Rule 21 motion.

Dropping a party to a lawsuit pursuant to Federal Rule of Civil Procedure 21 is left to the sound discretion of the Court. Lampliter Dinner Theater, Inc. v. Liberty Mut. Ins. Co., 792 F.2d 1036, 1045 (11th Cir. 1986). At this point in time, the Court does not believe it appropriate to dismiss AllianceOne. Thus, the Motions to Dismiss (Docs. 12 and 14) are denied. However, Plaintiff and AllianceOne may re-file the Motion after HSBC has been served and a responsive pleading or motion has been filed. The Court believes HSBC should have the opportunity to consider the motion to drop and respond if it chooses to do so.

The Court notes that the most recent service process receipt for HSBC was issued on June 28, 2010. Plaintiff is directed to follow up with the Marshals Service

with regard to this attempt at service, and is to inform the Court in writing no later than August 13, 2010 as to the status of service on HSBC. Failure to respond to this Order as directed could result in the dismissal of Plaintiff's complaint.

**SO ORDERED**, this the 21st day of July, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh